UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 4 2023

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

JOE HAND PROMOTIONS, INC.,

Plaintiff,

- against -

THE HOUSE, LLC d/b/a THE HOUSE MIXED MARTIAL ARTS ACADEMY, BURGE FRANKS,

Defendants.

CASE NO.: 3:23-cv-220-BSM

This case assigned to District Judge **Miller**
and to Magistrate Judge **Harris**

## COMPLAINT

Plaintiff JOE HAND PROMOTIONS, INC. ("Plaintiff"), by and through its attorneys, for its Complaint against Defendants THE HOUSE, LLC d/b/a THE HOUSE MIXED MARTIAL ARTS ACADEMY, BURGE FRANKS ("Defendants"), hereby alleges as follows:

### THE PARTIES

1. Plaintiff JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 213 W. Street Road, Feasterville, PA 19053. Plaintiff held the exclusive commercial distribution rights to the following twenty-six (26) Ultimate Fighting Championship® ("UFC") broadcasts, including all undercard bouts and commentary:

> *UFC 230: Cormier vs. Lewis* on November 3, 2018,
> *UFC 231: Holloway vs. Ortega* on December 8, 2018,
> *UFC 234: Adesanya vs. Silva* on February 10, 2019,
> *UFC 235: Jones vs. Smith* on March 2, 2019,
> *UFC 238: Cejudo vs. Moraes* on June 8, 2019,
> *UFC 239: Jones vs. Santos* on July 6, 2019,
> *UFC 241: Cormier vs. Miocic 2* on August 17, 2019,
> *UFC 243: Whittaker vs. Adesanya* on October 5, 2019,

      *UFC 244: Masvidal vs. Diaz* on November 2, 2019,
      *UFC 245: Usman vs. Covington* on December 14, 2019,
      *UFC 246: McGregor vs. Cowboy* on January 18, 2020,
      *UFC 248: Adesanya vs. Romero* on March 7, 2020,
      *UFC 251: Usman vs. Masvidal* on July 12, 2020,
      *UFC 252: Miocic vs. Cormier 3* on August 15, 2020,
      *UFC 253: Adesanya vs. Costa* on September 27, 2020,
      *UFC 254: Khabib vs. Gaethje* on October 24, 2020,
      *UFC 257: Poirier vs. McGregor 2* on January 24, 2021,
      *UFC 261: Usman vs. Masvidal 2* on April 24, 2021,
      *UFC 262: Oliveira vs. Chandler* on May 15, 2021,
      *UFC 268: Usman vs. Covington 2* on November 6, 2021,
      *UFC 271: Adesanya vs. Whittaker 2* on February 12, 2022,
      *UFC 272: Covington vs. Masvidal* on March 5, 2022,
      *UFC 273: Volkanovski vs. The Korean Zombie* on April 9, 2022,
      *UFC 281: Adesanya vs. Pereira* on November 12, 2022,
      *UFC 285: Jones vs. Gane* on March 4, 2023, and
      *UFC 291: Poirier vs. Gaethje 2* on July 29, 2023,

(the "Programs").

    2.    Upon information and belief, Defendant THE HOUSE, LLC:

        a.    is an Arkansas limited liability company;

        b.    conducts business in the State of Arkansas;

        c.    conducted business as The House Mixed Martial Arts Academy on the dates of the Programs;

        d.    operates, maintains and controls the establishment known as The House Mixed Martial Arts Academy located at 1024 S. Falls Blvd., Wynne, AR 72396 (the "Establishment"); and

        e.    operated, maintained and controlled the Establishment on the dates of the Programs.

    3.    Upon information and belief, Defendant BURGE FRANKS is an individual residing in the State of Arkansas. On the dates of the Programs, Defendant BURGE FRANKS:

        a.    was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

        b.    had a right and ability to supervise the activities of the Establishment; and

  c.  had an obvious and direct financial interest in the activities of the Establishment.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

5. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District and/or Defendants reside in this District.

## FACTS

6. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

7. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses and similar establishments. Since 2001, Plaintiff has been the exclusive domestic distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®. Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

8. By contract, Plaintiff was granted the exclusive right to license and distribute each of the Programs to commercial establishments throughout the United States. The Programs broadcasts originated via satellite uplink, and were subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

9. Plaintiff entered into subsequent agreements with various commercial establishments in the State of Arkansas that, in exchange for a fee, allowed them to exhibit each of the Programs to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer and transmit each of the Programs broadcasts to those establishments in the State of Arkansas.

10. Prior to the broadcasts of the Programs, Defendants could have contracted with Plaintiff and purchased authorization to exhibit each of the Programs in the Establishment for a fee. However, Defendants chose not to contract with Plaintiff or pay any fees to Plaintiff to obtain the proper license or authorization. At no time did Plaintiff give Defendants license, permission or authority to receive and exhibit any of the Programs in the Establishment.

11. By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communications of the Programs or assisted in such actions. Defendants then unlawfully transmitted, divulged and published said communications, or assisted in unlawfully transmitting, divulging and publishing said communications to patrons in the Establishment.

12. Without authorization, license, or permission to do so from Plaintiff, Defendants exhibited each of the Programs to the patrons within the Establishment on the dates indicated in Paragraph 1 of this Complaint herein.

13. Defendants pirated Plaintiff's licensed exhibitions of the Programs and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff. Defendants' actions were committed willfully and with the purpose and intent to secure a commercial advantage and private financial gain.

14. At the time of the wrongful conduct described herein, Defendants' agents, servants and employees were in fact Defendants' agents, servants and employees, and acting within the scope of their employment and authority as Defendants' agents, servants and employees.

## SATELLITE PIRACY/CABLE PIRACY

15. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

16. Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violates 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

17. Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violates 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

18. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

   a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for each willful violation of 47 U.S.C. § 605, or alternatively, for statutory damages, in the discretion of this Court of up to the maximum amount of $60,000.00 for each willful violation of 47 U.S.C. § 553;

b. for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C); and

c. for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

GILL RAGON OWEN, P.A.
425 West Capitol Avenue, Suite 3800
Little Rock, AR 72201
(501) 376-3800 // (501) 372-3359 fax
finch@gill-law.com
towe@gill-law.com

Dated: October 24, 2023        By: _____
Matthew B. Finch (Ark. Bar No. 2001025)
Emily K. Towe (Ark. Bar No. 2021124)