IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JOE HAND PROMOTIONS, INC.**                                                **PLAINTIFF**

v.                          **CASE NO. 3:23-CV-00220-BSM**

**THE HOUSE, LLC and**
**BURGE FRANKS**                                                           **DEFENDANTS**

## **ORDER**

Defendants' motion for summary judgment [Doc. No. 21] is denied.

### I. BACKGROUND

The House, LLC is a private gym with one employee, its owner and operator, Burge Franks. Pl.'s Resps. Defs.' Statement Undisputed Facts ¶¶ 1–2, Doc. No. 25. The House purchased a number of Ultimate Fighting Championship fights to show at the gym using the ESPN+ App via Roku. *Id.* ¶ 3. Joe Hand Promotions, Inc. specializes in licencing events to commercial locations and held exclusive commercial distribution rights to many of the fights shown by The House. *Id.* ¶¶ 3, 5, 6 & 8.

Joe Hand Promotions is suing The House and Franks for violating sections 553 and 605 of the Communications Act, which prohibits the "unauthorized reception of cable service" and the "unauthorized publication or use of communications." 47 U.S.C. §§ 553, 605. The House and Franks are moving for summary judgment based on their contentions that Joe Hand Promotions's claims are time-barred, Mot. Summ. J. ¶ 6, Doc. No. 21, and that the Communications Act does not regulate programming transmitted over the internet, *id.* ¶ 5. This is commonly referred to as the "internet defense."

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in its pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in the light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is denied on the argument by The House and Franks that the complaint is time-barred because Arkansas's five year statute of limitations applies. *See* Ark. Code Ann. § 16-56-115. This is true because a state supplies the limitations period for federal causes of action when federal legislation does not provide one. *See North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995). The Communications Act does not supply a limitations period, so the Arkansas piracy statute's five year limitations period applies because that statute is the most analogous to the Communications Act. *See* Ark. Code Ann. §§ 5-37-401 *et seq.*; *id.* § 16-56-115; *see also* Pl's Resp. Opp'n Defs.' Mot. Summ. J. 8–11, Doc. No. 24 ("Pl.'s Br.") (explaining why).

As to their substantive argument in favor of summary judgment, The House and Franks are correct that "[t]he analysis here is not complex nor does it require much paper." Br. Supp. Mot. Summ. J. 1, Doc. No. 22 ("Defs.' Br."). The problem, however, is that the issue presented by The House and Franks is not settled. *See G & G Closed Cir. Events, LLC v. Infante*, No. 1:20-CV-01400-JLT-SAB, 2022 WL 411847, at *7–11 (E.D. Cal. Feb. 10, 2022) (collecting cases). Indeed, section 553 simply states that "[n]o person shall intercept or receive . . . any communications service offered over a cable system, unless specifically authorized to do so by a cable operator . . . ." 47 U.S.C. § 553(a)(1). And section 605 provides that "no person receiving . . . [or] transmitting . . . any interstate or foreign communication by wire or radio shall . . . publish . . . [those] contents . . . except through authorized channels of transmission. . . ." *Id.* § 605(a). Based on the simple text of these sections, The House and Franks argue that the Communications Act does not apply to purely internet transmissions. Defs.' Br. 3–4. In response, Joe Hand Promotions argues that The House and Franks are relying on old case law and that more recent cases have rejected the internet defense. Pl.'s Br. 3–7. The case law is divided and the Eighth Circuit has not had an opportunity to weigh in on these arguments.

With this as the backdrop, the motion for summary judgment by The House and Franks is denied because the better view is that the Communications Act applies to internet transactions. *See J & J Sports Prod., Inc. v. Jaschkowitz*, No. 5:14-CV-440-REW, 2016 WL 2727015, at *4, 8–10 (E.D. Ky. May 6, 2016) (a restaurant and its owner violated section 605 by showing a fight that was downloaded to an app on a customer's phone). Morever,

denying summary judgment is the more prudent course because the record is not totally clear as to whether the fights shown at the gym were uploaded to a satellite or transmitted across cable lines before they were transmitted over the internet. If the fights were originally transmitted by satellite or cable, then the Communications Act unquestionably protects them from downstream piracy. *See G & G Closed Cir. Events, LLC v. Mesa*, No. CV-20-00470-JAS, 2023 WL 399795, at *4 (D. Ariz. Jan. 25, 2023).

### IV. CONCLUSION

For these reasons, defendants' motion for summary judgment is denied.

IT IS SO ORDERED this 28th day of July, 2025.

                                                                                                                 UNITED STATES DISTRICT JUDGE